**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1026

DORITA AJA,

Plaintiff, Appellant,

v.

OCWEN LOAN SERVICING LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter, Associate Justice,[*]
and Lipez, Circuit Judge.

Nelson P. Lovins and Lovins & Metcalf on brief for appellant.

Marissa I. Delinks, Maura K. McKelvey, and Hinshaw & Culbertson LLP on brief for appellee.

February 26, 2019

---

[*]Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**Per Curiam.** After carefully considering the parties' briefs and the record on appeal, we conclude that the district court's grant of summary judgment for Ocwen should be affirmed. We briefly explain our decision because our reasoning differs from the rationale articulated by the district court. See Audette v. Town of Plymouth, MA, 858 F.3d 13, 20 (1st Cir. 2017) (noting that we may affirm a grant of summary judgment on any basis supported by the record).

On appeal, Aja contends that the district court erred in entering summary judgment for Ocwen on her two Chapter 93A[1] claims because Ocwen "had a duty under the Consent Judgment or at common law to offer [her] a loan modification in good faith." On de novo review, we conclude that Ocwen did not have such a duty under the consent judgment. The consent judgment on its face applies only to loans "originated by Sand Canyon [Corporation]," formerly Option One Mortgage Corporation. It is undisputed that Aja's loan originated with Shamrock Financial Corporation. Therefore, Ocwen had no duty to offer a loan modification under the terms of the consent judgment. Aja has offered no legal or factual argument that would cause us to go beyond the consent judgment's plain language. Nor has Aja pointed to any alternative basis for the

---

[1] Mass. Gen. Laws ch. 93A, §§ 2(a), 9.

proposition that Ocwen was required to offer her a loan modification. See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013) (holding that a mortgagee has no general duty to modify a loan after default).

Finally, even assuming Ocwen voluntarily assumed a duty to offer a loan modification in good faith when it extended modification offers to Aja, there is simply no evidence in the record that Ocwen's offers were so unfair or deceptive as to run afoul of Massachusetts law. See Cummings v. HPG Int'l, Inc., 244 F.3d 16, 25 (1st Cir. 2001) ("Conduct is unfair or deceptive [under Chapter 93A] if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness' or 'immoral, unethical, oppressive, or unscrupulous.'" (quoting PMP Assocs., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975))).

Affirmed. See 1st Cir. Rule 27.0(c).